**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

_____

No. 24-13145

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

                                                        *Plaintiff-Appellee,*

*versus*

ROBERT PUGH,

                                                        *Defendant-Appellant.*

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:24-cr-00162-SDM-NHA-1

_____

Before ROSENBAUM, ABUDU, and BLACK, Circuit Judges.

PER CURIAM:

Robert Pugh appeals his sentence of 120 months' imprisonment for possession of a firearm by a felon. Pugh asserts his sentence is substantively unreasonable because the district court

imposed it without regard for the sentencing considerations set forth in 18 U.S.C. § 3553(a). After review,[1] we affirm.

"A district court abuses its considerable discretion and imposes a substantively unreasonable sentence only when it '(1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors.'" *United States v. Rosales-Bruno*, 789 F.3d 1249, 1256 (11th Cir. 2015) (quoting *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (*en banc*)).

Section 3553(a)'s "statutory command" is that any sentence must be "sufficient, but not greater than necessary, to comply with the purposes" of punishment. *Hewitt v. United States*, 145 S. Ct. 2165, 2175-76 (2025) (citing 18 U.S.C. § 3553(a)). These purposes include the need "to reflect the seriousness of the offense," deter criminal conduct, and "protect the public from" the defendant's future crimes. 18 U.S.C. § 3553(a)(2). In imposing a particular sentence, the court must also consider the offense's "nature and circumstances," the defendant's "history and characteristics," the "kinds of sentences available," the applicable Guidelines range, Sentencing Commission policy statements, "the need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct," and "the need to provide restitution to any" of the defendant's victims. 18

---

[1] When reviewing for substantive reasonableness, we use the abuse-of-discretion standard. *United States v. Sotelo*, 130 F.4th 1229, 1244 (11th Cir. 2025).

U.S.C. § 3553(a)(1), (3)-(7).  The district court does not have to give equal weight to all factors.  *United States v. Olson*, 127 F.4th 1266, 1276 (11th Cir. 2025).  The weight that a district court gives to "any given § 3553(a) factor is a matter committed to the sound discretion of the district court." *United States v. Rodriguez*, 34 F.4th 961, 969 (11th Cir. 2022).

Pugh has not met his burden of showing the district court abused its considerable discretion.  *See Sotelo*, 130 F.4th at 1245 (stating the party challenging the sentence bears the burden of establishing it is unreasonable based on the facts of the case and the § 3553(a) factors).  As to Pugh's argument that the district court weighed the factual elements within each § 3553(a) factor incorrectly because it did not find that a downward variance was merited, it is not an abuse of discretion to weigh the facts differently than how the parties might have.  It would only be an abuse of discretion if the district court did not consider an important fact, gave significant weight to an improper fact, or committed a clear error of judgment in the weighing of the factors.  *See Sotelo*, 130 F.4th at 1244.  The district court explicitly stated on the record it considered all of the legal factors, but it also enumerated and discussed five of them—the nature and circumstances of the offense and history and characteristics of the defendant, the need for the sentence to promote respect for the law, the need for the sentence to afford adequate deterrence, the need for the sentence to protect the public, and the need for the sentence to avoid unwarranted sentence disparities.    18  U.S.C. § 3553(a)(1),  (a)(2)(A),  (a)(2)(B), (a)(2)(C), (a)(6).  Additionally, the court noted it had considered all

submissions of counsel, both oral and written. That included Pugh's PSI objections, sentencing memorandum, oral argument, and allocution. Therefore, there is no evidence the court omitted a fact in making its determination.

Pugh also asserts the court relied on clearly erroneous facts as applied to the relevant factors, but this contention is without merit. Pugh contends the district court's determination that his history with firearms is "troubled" is erroneous because most of his prior criminal history involved small amounts of drugs. The district court's characterization is not erroneous, however, because Pugh's most recent and most serious conviction involved a loaded firearm and a felony assault with a threat to kill his roommate. Additionally, Pugh's contention that the weighing of the public protection factor was erroneously based on his relatively distant criminal history is also without merit. Half of Pugh's criminal history points were acquired from 15-year-old convictions, and the other half came from recent offenses for which he had been released from incarceration 2 years prior to the instant case. Thus, the district court did not abuse its discretion in finding this fact to weigh against a downward variance under the public protection factor.

Lastly, Pugh received a sentence at the bottom of his Guidelines range of 120 to 150 months' imprisonment, and 60 months below the statutory maximum penalty of 15 years' imprisonment. 18 U.S.C. § 924(a)(8). Sentences that fall well below the statutory maximum and within the Guidelines range are "ordinarily expected" to be reasonable. *See United States v. Blanco*, 102 F.4th 1153,

24-13145                 Opinion of the Court                 5

1168 (11th Cir. 2024) (stating while we do not automatically presume a sentence falling within the Guidelines range is reasonable, we ordinarily expect such a sentence to be reasonable); *United States v. Goldman*, 953 F.3d 1213, 1222 (11th Cir. 2020) (explaining one indicator of reasonableness is whether the sentence falls well below the maximum penalty). Therefore, the § 3553(a) analysis provided by the district court, alongside the sentence's placement within the range and under the maximum, do not show a clear error of judgment. *See United States v. Howard*, 28 F.4th 180, 205 (11th Cir. 2022) (providing we will reverse a sentence imposed by a district court only if we are left with a definite and firm conviction the district court committed a clear error of judgment in weighing the factors). Pugh's 120-month sentence is reasonable.

**AFFIRMED.**